```
            UNITED STATES DISTRICT COURT
                     FOR THE
               DISTRICT OF VERMONT
```

Richard Gero,                  :
    Plaintiff,             :
                           :
  v.                           :   File No. 1:07-CV-81
                           :
Corrections Corporation of     :
America, Donna Stivers,        :
Sherri Campbell, Robert        :
Hofmann,                       :
    Defendants.            :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 13)

Plaintiff Richard Gero, a Vermont inmate proceeding *pro se*, brings this action claiming that the defendants have violated his rights under the Eighth Amendment.  Specifically, Gero alleges that in October 2006 he was taken to a segregated cell, stripped naked, forced to sleep on a bare steel bed, and denied recreation.  He also claims that he was not allowed to brush his teeth or take a shower, and that he was denied access to his attorney, his family, and the courts.

Pending before the Court is the defendants' motion to dismiss.  The defendants argue that Vermont Department of Corrections ("DOC") Commissioner Robert Hofmann cannot be held liable because he was not personally involved.  They contend that the remainder of

the case should be either dismissed or transferred to Kentucky because Gero filed his complaint in the wrong venue.  The motion to dismiss is unopposed.

For the reasons set forth, I recommend that the motion to dismiss be GRANTED in part, that defendant Hofmann be dismissed, and that the rest of the case be transferred to the United States District Court for the Eastern District of Kentucky.

## Factual Background

For purposes of the motion to dismiss, the facts alleged in the complaint will be accepted as true.  Gero is an inmate in the custody and control of the Vermont Department of Corrections.  During the time period at issue in this case he was incarcerated at the Lee Adjustment Center in Beattyville, Kentucky.

On October 31, 2006, Gero was taken to segregation, stripped naked, and placed in a cell for three days.  He was denied a mattress and linens, and was forced to sleep on a bare steel bed under constant florescent lighting.  He also claims that he was not allowed to brush his teeth or take a shower; was denied any exercise for eight days; was not allowed to contact

his attorney via either phone or mail; and was denied access to his family and the courts.

Gero has named several parties as defendants, including Corrections Corporation of America, the private company that owns the Lee Adjustment Center and houses Vermont inmates pursuant to a contract with the DOC.  Gero has also named DOC Commissioner Hofmann, claiming that Hofmann is liable because he is allegedly "responsible for sanctioning, implementing, and ensuring adherence to well-established laws as well as Vermont Department of Corrections Policy and Procedure at the Central Office Level."  (Paper 5).

The remaining two defendants, Dr. Sheri Campbell and Assistant Warden Donna Stivers, worked at the Lee Adjustment Center in Kentucky.  With respect to Dr. Campbell, a psychiatrist, Gero claims that she read his out-going mail prior to his being placed in an observation cell on a "suicide watch."  Gero also suggests that Dr. Campbell was responsible for his being denied access to his legal materials, thus making it impossible for him to participate *pro se* in his state post-conviction relief proceeding.  Defendant Stivers

3

allegedly "turned a blind eye" to Dr. Campbell's conduct, and played a role in denying Gero access to the grievance process and the courts.

## Discussion

I. Motion to Dismiss Standard

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  The Court remains mindful that *pro se* pleadings are to be read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

II. Claims Against Hofmann

Gero is suing Hofmann in both Hofmann's official and individual capacities.  Because Gero is only seeking monetary damages, his official capacity claims are

4

precluded by the Eleventh Amendment.  The Eleventh Amendment bars suits by private citizens against a state or its agencies in federal court unless the state has waived its sovereign immunity or Congress has properly abrogated that immunity.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996).  The protection of the Eleventh Amendment also extends to suits for monetary damages against state officers sued in their official capacities.  See Brandon v. Holt, 469 U.S. 464, 471 (1985).  Moreover, the Supreme Court has held that, just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" within the meaning of the statute since they assume the identity of the government that employs them.  See Hafer v. Melo, 502 U.S. 21, 27 (1991).

With respect to this case, it is clear that neither Vermont nor Congress has waived the sovereign immunity that protects Hofmann from a damages action brought against him in his official capacity.  There is no indication in 42 U.S.C. § 1983 that Congress intended to

abrogate state sovereign immunity, and the Supreme Court has specifically held that Congress did not intend to override well-established immunities such as state sovereign immunity when it enacted § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 67 (1989).  It is equally clear that Vermont has not waived its sovereign immunity under § 1983.  See 12 V.S.A. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not explicitly waived).  Therefore, the claims against Hofmann in his official capacity should be DISMISSED.

The defendants next argue that Hofmann is entitled to dismissal because Gero has not alleged Hofmann's personal involvement in any wrongful conduct.  As noted above, Gero claims only that Hofmann, in his role as Commissioner, was responsible for ensuring adherence to the law and DOC procedures.  Gero argues that this responsibility extended to conduct by prison officials in Kentucky.

"It is well settled in this Circuit that personal involvement of a defendant in alleged constitutional deprivations is a prerequisite to an award of damages

6

under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  While "*respondeat superior* cannot form the basis for a § 1983 claim," Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998), the personal involvement of a supervisory defendant in a § 1983 claim may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.  See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

   Gero does not claim that Hofmann was directly involved in his alleged mistreatment.  Nor does he claim

7

that Hofmann had notice of the alleged misconduct prior to this lawsuit.  Furthermore, there is no claim that Hofmann played any role in developing a policy or practice that led to Gero's mistreatment.  Consequently, Hofmann cannot be held liable as a supervisor under § 1983, and the claims against him should be DISMISSED.  Hernandez, 341 F.3d at 144.

III.   Venue

As to the remaining defendants, the motion to dismiss argues that venue in Vermont is improper.  The defendants have filed their motion under 28 U.S.C. § 1406(a), which requires dismissal if venue is improper, or a transfer to the appropriate court if a transfer would serve "the interests of justice."  28 U.S.C. § 1406(a).  The requirement of proper venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred."  Leon C. Baker, P.C. v. Bennett, 942 F. Supp. 171, 175 (S.D.N.Y. 1996).

In cases involving questions of federal law, such as Gero's civil rights claims under § 1983, venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see also Amaker v. Haponik, 198 F.R.D. 386, 391 (S.D.N.Y. 2000).  Gero has also alleged that this Court has subject matter jurisdiction by virtue of diversity of citizenship.  In that event, the controlling statute is 28 U.S.C. § 1391(a), which provides that venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Subsection (1) of either § 1391(a) or § 1391(b) does not apply here, since the original defendants did not all reside in the same district.  The next subsection of each statute determines venue based upon where "a substantial part of the events or omissions giving rise to the events occurred . . . ."  28 U.S.C. § 1391(a)(2), (b)(2).  The Second Circuit has instructed lower courts to "take seriously the adjective 'substantial'" in construing "the venue statute strictly."  <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 356 (2d Cir. 2005).

In this case, the principal allegations of misconduct center on events that took place at the correctional facility in Kentucky.  Accordingly, venue is most appropriate in that state.  <u>See</u> <u>Sadler v. Rowland</u>, 2004 WL 2061127, at *5 (D. Conn. Sept. 13, 2004) (action brought by Connecticut prisoner against prison personnel in Virginia transferred to Virginia).  Because this action could have been brought in Kentucky, subsection (3) of both §§ 1391(a) and (b) is inapplicable.  <u>See</u> Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3802.1 n. 26

(Supp. 2003) (citing F.S. Photo, Inc. v. Picturevision, Inc., 48 F. Supp. 2d 442, 448 (D. Del. 1999)).

Having determined that venue is most appropriate in Kentucky, the Court must decide whether the case should be dismissed, or whether the interests of justice call for a transfer. "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." Daniel v. American Bd. of Emergency Medicine, 428 F.3d 408, 435 (2d Cir. 2005) (citation omitted). "A 'compelling reason' for a transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on re-filing in the proper forum." Id. (quoting Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)).

If the Court were to dismiss this case without prejudice, the defendants concede that Gero's claims may be barred in Kentucky by the applicable statutes of limitations. Indeed, Kentucky would likely apply a one-year statute of limitations to Gero's § 1983 claims, and the pivotal events in this case took place more than one year ago. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 180 (6th Cir. 1990). Accordingly, I find that

a transfer is in the interest of justice, and recommend that this case be TRANSFERRED to the United States District Court for the Eastern District of Kentucky.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss be GRANTED in part and DENIED in part, and that all claims against defendant Hofmann be DISMISSED.  I further recommend that the remainder of this case be TRANSFERRED to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406.

Dated at Burlington, in the District of Vermont, this 14th day of December, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).